McCrackin's Devisees v. Craig.

---

JUNE 2, 1804.

# McCrackin's Devisees v. John H. Craig.

*Upon an appeal from a decree of the General Court.*

Where it can not be ascertained which of two objects called for in an entry was the one intended by the locator, the entry is void for uncertainty.

In this contest, the appellants, who were defendants in the court below, depend on their legal title, so that the validity of the entry on which the complainants found their claim is the only point to be investigated. The entry is: " March 14, 1783. Robert Sanders, assignee, etc., enters three thousand acres of land on a treasury warrant, No. 8527, beginning at a corner which an old line leads to from the road which leads from the stamping ground to Lee's town, where there is H. M. cut on a tree where the line crosses said road, about half a mile below the first branch below the stamping ground, thence S. 20 W. to said beginning, thence S. 20 W. 800 poles, thence south 70 east at right angles for quantity." This

entry contains a description which is unusually circuitous and hard to be understood, and in this respect is certainly exceptionable. It notwithstanding appears to contain several traits of sufficient specialty and precision. The object of the first importance which it names is *Lee's town*, and it seems to be admitted that this place was notorious.

The next object in importance is *the stamping ground*, which appears to be a term well understood about the time the entry was made; and the entry expresses that there was a road which led from the stamping ground to Lee's town.

A place about eight or nine miles from Lee's town, from which, in the year 1783, a large road led to Lee's town, is now identified and proved to have been generally called, about that time, the stamping ground; but this call is rendered uncertain by proof equally satisfactory that the same road passed through another place within two or three miles of Lee's town, which was also generally styled the stamping ground, and which was at least ten times as large as the first. This rendered it very uncertain which of these stamping grounds was intended by the locator, and this court conceives that the size of the last mentioned stamping ground, and its contiguity to Lee's town, were sufficient to authorize subsequent locators to presume, without further inquiry, that this was the stamping ground intended by Sanders. And as it is proven that two other roads led from this place, and that one of them, if not both, led to another remarkable stamping ground, it was unreasonable to expect that locators should pursue for many miles all of those roads the more fully to ascertain Sanders' intention, when he might easily have removed all doubt by calling for some definite distance from Lee's town.

This entry, however, contains calls for several other objects, concerning which it is sufficient to observe that none of them are proven to have been notorious, and from their nature they must have been hard to find, and when found they could only have been known by their relative situation to the stamping ground intended.

And it seems absurd to urge, as has been done in this cause, that two or more calls should give identity or certainty to each other. In this case, at least, the doctrine ought not to have effect, because a tree marked H. M. is described as being on the road to Lee's town about half a mile below the first branch below the stamping ground; and it is proven that a branch crosses the road

below each of the two first mentioned stamping grounds, but not so near the distance called for as might reasonbly be expected. On a view of all the circumstances attending the case, this court is of the opinion that the court below erred in sustaining the complainant's entry.

Wherefore, it is decreed and ordered, that the said decree of the general court be reversed, and that the appellee do pay unto the appellants their costs in this behalf expended. And it is further decreed and ordered, that the suit be remanded to the said general court, that it may dismiss the complainants' bill with costs, which is ordered to be certified to the said court.