Weight, J.,
delivered the opinion of tbe Court.
This is a contest between various creditors of Lewis Carter, as to which shall have priority of payment out of a. fund amounting to $1086 56.
The complainants, McLin & Henry, are attaching creditors of Carter, founding their claim on judgments and executions, with returns of u nulla bona.”
The defendants, Johnson, Bell & Co., and J. M. Wheeler, were creditors of Carter, by notes, and claim that this fund or a sufficient, amount of it to pay them, was assigned and appropriated in the hands of the East Tennessee and Georgia Railroad Company, to pay their debts, before McLin & Henry filed their bill. Carter had done work for this Company, and it owed him, on settlement, the amount of this fund. And it appears, that before the amount due him had been ascertained, he drew orders on R. C. Jackson, who was, at the time, the treasurer of the company, in favor of Johnson, Bell & Co., and Wheeler, for the amount of their respective debts; and that these orders with the notes held by these creditors, were carried to Jackson, the treasurer of the company, and that he verbally agreed to pay them out of what might be due Carter on settlement, and agreed with the creditors to hold the fund for that purpose, and then took and held the orders and notes as their agents, to get the money for them. It is further manifest, that though the orders appeared, on their face, to be upon Jackson, individually, yet they were, in fact, intended to be upon him as treasurer, to reach the fund due Carter, in the hands of the company; and were so regarded by all parties, *689 and were so treated by tbe company. Its answer shows this, and submits that Johnson, Bell & Co., and Wheeler, are entitled to priority in the fund. All these rights attached before McLin & Henry filed their bill. The Chancellor decreed that Johnson, Bell & Co., and Wheeler, were entitled to priority of payment out of the fund. This decree is right, and we affirm it.
There can be no doubt on the facts of the case, that they are entitled to this priority, and that this fund — to the amount of their debts — had been assigned and appropriated to their use. Byles on Bills, 249-255, (top pages) and notes; Gray vs. Milner, 8 Taunton, 739; Clodfelter vs. Cox, 1 Sneed, 339.