FreemaN, J.,
delivered the opinion of the Court.
This bill is filed by complainant in his own right,- and as administrator, etc., of John S. Bowles, dec’d, seeking to enforce an equitable set-off.
The case made in the record, shows that on the 22d day of January, 1862, Bichard C. Nolen recovered a judgment before a Justice of the Peace for Smith county, for $487.35, against Catron, John S; Bowles, (the intestate of Geo. W. Catron,) and W. S. Bell, which was stayed. by one Geo. G. Dillard. Bowles died in September, 1862, and Catron was appointed his administrator.
About the 10th of September, 1866, Nolen assigned and transferred this judgment to defendant Cross, as he alleges in his answer, in part payment for a house and lot in the town of Dixon Springs, Smith county; and on the 24th of September, 1866, a notice of this assignment *586 was given to G. W. Catron, tbe administrator of Howies, and also one of the defendants in the judgment. An execution was issued on this judgment, and thereupon Catron filed this bill, enjoining the officer from proceeding under said execution, and claiming that the assignment of the judgment by Nolen to Cross was fraudulent, and intended to hinder and delay creditors of Nolen in the collection of their debts, and that Nolen was insolvent, and claiming a considerable indebtedness to him from said Nolen, and insisting that the amount so due him should be set-off against said judgment so assigned to Cross. The allegation of the assignment being fraudulent, is not made out in proof.
The simple question presented is, as to whether the debts due from Catron, one of the defendants to the judgment assigned, can be enforced against the assignee of the judgment, who took it bona fide, and for valuable consideration, alone on the ground that the assignor of the judgment was insolvent at the time of the assignment. Ve do not think this can be done. By our law, a judgment may be assigned, and the title thereto perfected in the as-signee, by notice to the judgment debtor of the fact of such assignment: Clodfelter v. Cox, 1 Sneed, 339.
When thus transferred, and title perfected in the as-signee, it is true he stands in the shoes of his assignor, and takes the chose in action, subject to all equities existing against it in the hands of his assignor. But is a simple debt against the assignor of the judgment an equity against the judgment, or one that has attached to it before assignment? We think not. It must be some defense *587 against the claim itself; not a right of action on an independent demand, as that the judgment had been paid, or that the judgment was void or inoperative for any cause.
The equities here intended are not all the equities which may exist between the parties, arising from other transactions, but all the equities attaching to the particular judgment assigned; and such may be asserted as against the assignee: Story on Bills, § 187, n. 5, and § 220.
At law, by virtue of Section 2918 of Code, sub-section 4, it was held in the case of Gotewood v. Denton, 3 Head, 382, if this had been a promissory note assigned after it was due, any right of action in favor of the payor of the note, existent at the time of the transfer, might be set-off against the claim in the hands of the assignee or indorser, when such indorsee should sue on the note; but we have never held in Tennessee that independent rights of action in the nature of cross demands, can be set-off by the active intervention of a court of equity, against a judgment in the hands of a party who has become the owner thereof by assignment complete under our law; and we think the case above referred to, and the section of the Code on which it is based, have no application to the remedy sought by this bill.
"We think the claim of complainant should be repelled in this case, on the principle that the party had purchased bona fide, for valuable consideration, was a holder of the judgment, with no notice of any equities — the judgment remaining in full force and effect at the time — and, therefore no active relief should be granted in a court of equity against him.
*588 We do not think, on sound principle, that the simple fact of the insolvency of the plaintiff in a judgment, would or ought to, interfere with his right to transfer and assign the same; and on such assignment, the assignee would take the judgment, subject only to equities against the judgment, not to independent rights of action that might be claimed against his assignor, of which he had no notice.
All the cases to which we have been referred, decided by our own courts, where a court of equity intervened, are cases between the original judgment creditor, who has become insolvent after obtaining his judgment, and his debtor, who has a debt against him. None of them present the case of assertion of equitable set-off, as against an assignee of a judgment, of debts due from his assignor to complainant, as in this case. See Brazelton v. Brooks, 2 Head, 194; Edminson v. Baxter & Morell, 4 Hay., Cooper’s ed., top p. 112, 113.
The claims sought to be set off-in this case against the judgment obtained by Nolen, or a large portion of them, seem evidently to have been purchased by Catron on speculation; several of them assigned to him, without recourse on the indorsers from whom he purchased; and part of them owned before the judgment was obtained by Nolen.
We can see no particular merits in these claims, as shown in this record, and certainly nothing that calls for the active aid of a court of equity to enforce them against the assignee, who, as far as we can see, has obtained the judgment in good faith.
The decree of the Chancellor will be reversed, and *589 complainant’s bill be dismissed. The costs of this court will be paid by complainant and his sureties. The costs of the court below will be divided between the parties complainant, and defendants.