N. HOBSON & others *vs.* V. K. STEVENSON & EDG. & KY. R. R. Co.

April Term, 1873.

CHOSE IN ACTION—ASSIGNMENT.—The assignment of a chose in action is not complete until notice to the debtor, and registration of the assignment is not notice within the requirement of the law.

SAME—ASSIGNABLE BY STATUTE.—If the chose in action be assignable by statute, the assignment may be good without notice, but only when accompanied by actual delivery

SAME—EQUITY JURISDICTION.—A court of equity will not lend its aid to the assignee of a judgment, or of the chose in action on which the judgment is founded, against the judgment-debtor who has paid the judgment to the nominal plaintiff, or otherwise incurred loss or acquired rights on the faith of the ownership being in such plaintiff, without notice of the assignment.

*A. Allison*, for complainants.

*G. M. Fogg*, for defendants.

THE CHANCELLOR:—On the 18th of Feb., 1871, the de-

fendant, the E. & Ky. R. R. Co., recovered a judgment against its co-defendant Stevenson, and afterwards Stevenson bought up a note of the company for a larger amount, and filed his bill in this court to have the note set off against the' judgment upon the ground of the insolvency of the company. Such proceedings were had in that suit, upon default of the company, that the said Stevenson obtained a decree at this term in conformity with the prayer of his bill. Thereupon this bill was filed claiming that the judgment against Stevenson was rendered upon his subscription to the capital stock of the said E. & Ky. R. R. Co., and that, on the 20th of June, 1866, E. S. Cheatham, President of said company had, under a resolution of the Board of Directors, conveyed, by deed of that date, to complainant E. A. Fort, in trust for creditors therein named, "all the uncollected stock remaining due upon the books of said company not heretofore assigned," which deed was duly proved and registered, and that the stock of Stevenson passed under this deed. The complainants claim the benefit of the trust as sureties of the creditors secured, and as having paid the debts.

Stevenson demurs upon the ground, among others, that the registration of the deed of trust was no notice of the assignment of the choses in action therein mentioned, that Stevenson never had actual notice of the assignment, and that his rights acquired by set-off and decree were superior to those of persons claiming under the assignment, the assignment of a chose in action not being perfected until actual notice given by the assignee to the debtor.

The position assumed by the demurrer is not contested, and could not be, as I have had occasion to hold at this term. The assignment of a chose in action is not complete until notice to the debtor, and registration of the assignment is not notice within the requirement of the law. *Allen* v. *Bain*, 2 Head, 100.

The argument of the complainants' counsel is that this doctrine has no application to the "uncollected stock" subscription in question, because such subscription is assignable

so as to pass the legal title to the assignee under the Code, §
1967, and that wherever the chose in action is assignable
by statute, notice is not necessary. *Mutual Prot. Ins. Co.*
v. *Hamilton*, 5 Sneed, 277 ; *Sugg* v. *Powell*, 1 Head, 224.

Conceding that the subscription in question was assignable
under the Code, § 1967, the assignment, to produce the result
contended for, must be accompanied " by actual manual de-
livery " to the assignee, or something equivalent, which is
not averred in the bill. This is essential even in the case of
a negotiable security ; *Gayoso Savings Inst.* v. *Fellows*, 6
Cold. 467, 471 ; and *a fortiori* in the case of a non-negotia-
ble instruments assignable only under the statute. The bill
in this case by claiming the benefit of the judgment in the
name of the E. & Ky. R. R. Co., implies, if it does not ex-
pressly concede, that the possession of the chose in action
sued on was always with the company, otherwise the action
was not maintainable in its name except for the use of the
assignee. In the absence of positive averment to the con-
trary, the presumption of law would be that the chose had
never been delivered.

And even if the assignment had been fully consummated,
and the suit had been brought for the use of the assignee,
although not so expressed in the record of the proceedings,
a court of equity would not lend its aid to the assignee to
enable him to coerce payment from the judgment-debtor, if
he had actually paid the nominal plaintiff without notice of
assignment, or otherwise incurred loss, or acquired rights
upon the faith of the actual ownership being in the nominal
plaintiff. *Cowan* v. *Shields*, 1 Tenn. 314 ; 6 Cold. 467, *ut
supra.* *Catron* v. *Cross*, 3 Heisk. 584. To hold otherwise
would make this court an instrument for the enforcement of
a legal right contrary to equity and good conscience. To
entitle the assignee to its aid there must be a positive aver-
ment of knowledge on the part of the debtor of the assign-
ment previous to settlement with the nominal plaintiff, or
the acquiring of the rights which are sought to be set aside
by the bill.

The demurrer must be sustained, and the bill dismissed with costs.