## R. J. DANIELS *vs.* FRANCIS PRATT and others.

### October Term, 1874.

ASSIGNMENT OF JUDGMENT—NOTICE TO AGENT.—The assignment of a judgment recovered in this state against a foreign corporation will be made complete by notice to the lawyer who appeared for the corporation in the suit in which the judgment was recovered, and was a member of the firm of lawyers who were the general agents of the corporation in all its legal business, where it is not shown that any other more appropriate agent could be found in the state.

*M. M. Brien, jr.*, for complainant.
*John Reid*, for defendants.

THE CHANCELLOR:—George W. Owen having recovered a judgment in the circuit court of Davidson county against the Louisville & Nashville Railroad Company, for $2,700, and being indebted to F. O. Hurt in a larger amount, in satisfaction of so much of said debt, and, at the request of said Hurt, assigned the said judgment in writing to the defendant Breen (to whom Hurt was indebted), on the 17th of October, 1873, in the forenoon. At one o'clock P. M. of the same day this bill was filed by Daniels, as a judgment creditor of Owen, upon a return of *nulla bona*, to subject the judgment of Owen against the railroad company to the satisfaction of his debt, under which bill the judgment was accordingly attached. The only contest between the parties is as to which has the prior right to the judgment—the defendant Breen, and Overton, his assignee, claiming under the assignment made in the forenoon, or the complainant, claiming under the bill and attachment in the afternoon. The argument of counsel turned upon the point whether the assignment of the judgment was made complete by notice to the judgment debtor before the filing of the bill. The proof is that knowledge of the assignment was communicated to one of the attorneys of the railroad company who defended the suit in which Owen recovered his judgment. The facts in this regard are that the legal firm of Smith, Baxter & Allison, composed of three lawyers, appeared for the railroad company in the suit, and appear for the company in this suit. These gentlemen are the regular attorneys and counsel for the company in its law business at Nashville, the company having a general agent at Nashville to attend to its general business other than legal. Mr. Allison, one of the members of the firm, was notified in advance of the intention to assign the judgment, by being asked to write the assignment, and saw it after it was written and signed, and before the filing of the bill. The sufficiency of this notice was the point discussed in argument.

Upon a careful examination of the pleadings in this cause, I have serious doubts whether the sufficiency of the notice

to the Louisville & Nashville Railroad Company of the assignment to Breen is put in issue by complainant. The original bill was filed only against Owen (and Pratt, a co-defendant in the complainants' judgment) and the railroad company. All the authorities which insist upon notice to the debtor, as being necessary to perfect the assignment of a chose in action, concede that the assignee has a reasonable time within which to give the notice. 2 W. & T. Lead. Cases Eq., 2d part, 318, 322, 373, 374, and cases cited. What would be a reasonable time must depend upon circumstances, and no definite time has been settled upon. But, of course, even if the parties lived in the same city, at least one full day would, according to all analogy, be allowed to give the notice. Of course the bill, in that view, would not affect the right of the assignee, if, in fact, notice were afterwards given in reasonable time. It could only take effect if no notice were given. The answer of the Louisville & Nashville Railroad Company to the original bill was filed on the 6th of February, 1874, and admits notice of the assignment of the judgment of Owen, by admitting the existence of the assignment on the minute book of the court, on the 17th of October, 1873. The amended bill, making Breen and Overton, the assignees of the judgment, parties defendant, was not filed until the 28th of February, 1874, and does not contest the assignment upon the ground of want of notice to the judgment debtor. It insists that the assignment was not entered on the minutes of the court until after the bill was filed; that the entry did not become a record until the next morning, when the minutes were signed; that complainants had no notice of the assignment until long after the bill was filed; that the assignment was fraudulently made, to hinder and delay the collection of complainant's debt; that the assignment was without consideration, not in due course of trade, for a pre-existing debt, etc. All of these grounds are abandoned in argument as untenable, as they clearly are. The bill, by its silence, seems to admit that, if the assignment should

prove to be free from the objections made, it was in other respects valid. The railroad company had notice of the assignment before the filing of the amended bill, but when, does not appear.

The parties have, however, argued the case as if the issue were made, and I am not inclined to insist upon defects in pleadings which the litigants choose to overlook. I will proceed to consider, therefore, whether the notice to the lawyers of the railroad company was sufficient to complete the assignment. To do this intelligently it becomes necessary to understand the exact *status* of our decisions upon the assignment of choses in action.

The first decision made by the supreme court on the point of the necessity of notice to perfect an assignment was in the case of *Marshall* v. *Fields*, in the winter of 1850–1851, and was upon an argument made by me. The fact is noted by me in my brief in *Clodfelter* v. *Cox*, 1 Sneed, 337. The case itself was never reported, but is cited by the court in *Allen* v. *Bain*, 2 Head, 108, decided at December term, 1858. It was a contest between attaching creditors and creditors claiming under an assignment, made by the common debtor, of all his effects, including the claim in controversy, an account for work and labor against a turnpike company, and duly registered. It was held that registration of the trust assignment was not a sufficient notice to the turnpike company, and that the assignment did not operate as against the attaching creditors, being incomplete without notice to the common debtor. Both questions were again argued at the April term, 1859, at Jackson, in *Mayer & Co.* v. *Pulliam*, 2 Head, 346, and the assignment of a chose in action by a deed of trust held good without registration, but the necessity of notice to the debtor was not passed upon, because, in the opinion of the court, not made by the pleadings. Both points had, however, been raised, discussed, and decided in *McGee* v. *Nelson*, at the December term, 1851, of the supreme court. This case was also argued by me, as noted in my brief in *Clodfelter* v. *Cox*, but has never been

reported. In *Clodfelter* v. *Cox*, 1 Sneed, 330, the contest was between the assignee of a judgment in the circuit court and a creditor by garnishment of the judgment before a justice of the peace. The court held that a judgment in the circuit court cannot be reached by a garnishment before a justice of the peace. This conclusion rendered it unnecessary to pass upon the point raised in the argument as to the notice necessary to perfect an assignment. But the court repeat the conclusion reached in the two cases above cited, and never reported, namely, that the assignment of a chose in action is not complete, so as to vest the title absolutely in the assignee, until notice of the assignment to the debtor ; and this, not only as regards the debtor, but likewise as to third persons. In the case of the *Mutual Protection Ins. Co.* v. *Hamilton*, 5 Sneed, 269, the doctrine was limited to equitable interests, and was held, consequently, to have no bearing " upon assignments of negotiable instruments, or of instruments which, though not negotiable by the law merchant, are made assignable by law, so as to pass the legal interest, and entitle the assignee to sue in his own name." See, also, *Sugg* v. *Powell*, 1 Head, 224, where this limitation is repeated. In *Conner* v. *Allen*, 3 Head, 421, and *Catron* v. *Cross*, 3 Heisk. 586, the general doctrine that assignment is perfected by notice is mentioned. In the case of *Gayoso Savings Institute* v. *Cornelius Fellows*, 6 Coldw. 467, it was held that notice is not necessary where a bond, bill, note, or like evidence of debt is assigned, and is transferred by actual manual delivery to the assignee, or by such delivery as the nature of the case may admit of, as by delivery of a lawyer's receipt of a note in suit ; and this, whether the legal title in the instrument passed by the assignment or not. In *Conner* v. *Allen*, 3 Head, 418, notice of the assignment of the evidences on which judgments were taken was held to pass the judgments to the assignee, although the judgments were taken in favor of the assignor alone, and no subsequent assignment of the judgments was made, citing *Johnson* v. *Irby*, 8 Humph. 654, where the

assignment of a chose in action was held to carry the equity to the assignee, as against a subsequent attaching creditor, nothing being said of notice. This case was, however, decided before the doctrine in relation to notice was first broached in this state.

The only case in our books where the kind of notice required to perfect an assignment is at all brought in question is *McLin* v. *Wheeler*, 5 Sneed, 687. There the contest was between attaching creditors and assignees of a claim on the East Tennessee & Georgia Railroad Company. The assignment had been made by an order on R. C. Jackson, who was at the time treasurer of the railroad company. Upon this order being carried to him he verbally agreed to pay it out of what might be due to the assignors upon settlement. This was held sufficient to give the assignees the better right.

The order in the case just cited was on a particular person as an individual, and not in his official capacity of treasurer. No formal notice was given to the company of the assignment, nor any notice, except such as was implied from the presentation of the order, and the verbal agreement of the drawee to pay it. Upon principle it seems clear that any information derived from any of the parties to the assignment, sufficient to put the debtor on his guard and prevent him from paying the debt to the assignees, ought to be sufficient to prevent an equitable assignment. A more rigid rule would be a restriction upon the right of assignment not warranted by reason, and not needed for the protection of the debtor and third persons, which was the principal object had in view by the courts in establishing the requirement of notice. See *Lloyd* v. *Banks*, L. R. 3 Ch. App. 488; *In re Agra Bank*, id. 555; *Meux* v. *Bell*, 1 Hare, 88.

It sufficiently appears in this case, from the deposition of Mr. Allison, already quoted, that the principal office of the Louisville & Nashville Railroad Company is not located at Nashville, and that its principal officers do not reside in this

county. It has an agent for general business here, and counsel for legal business. If the agent for general business had been notified of the assignment, it might be plausibly urged that he had nothing to do with the legal business, though I am not prepared to say that such notice would not have been sufficient. Whether notice to an attorney retained for the defence of a particular case alone would be a good notice of the assignment of a judgment recovered in that case might be very doubtful. But notice to a legal firm, through one of its members, retained generally for all legal business would, it seems to me, stand upon a different basis, especially where it is not shown that any other more appropriate agent is to be found in the state. It has been expressly decided that where an assignee does all in his power toward taking possession of property assigned, he is entitled to priority. *Feltham* v. *Clark*, 1 De G. & Sm. 307. Here we have knowledge of this assignment admitted by the legal agent of the corporation before the filing of complainaint's bill, and admitted, also, by the corporation itself previous to the filing of the bill contesting the validity of the assignment. In the absence of any evidence to show when such knowledge was acquired by the corporation, even if notice to the lawyer was insufficient, I think the presumption of law would be that the notice was given in a reasonable time after the assignment.

The bill must, therefore, be dismissed, but, under the circumstances, I think the costs ought to be paid out of the fund in controversy.