Opinion of the Court.
John Dyer exhibited his bill in equity, alleging that he had bought 350 acres of land, of Nehemiah Cravens, and had taken his bond for a conveyance thereof; had paid part of the price, and executed his note for the balance; which note Cravens had assigned to N. S. Dallam and Co. who had recovered judgment thereon. He prays for an injunction against the judgment, and relief, against the contract, on the *154 grounds, that Cravens had no title to, and could not convey 225 acres of the land, he, Cravens, having purchased it of John Mitcheson, who had purchased a part of it of Edward Mitcheson; and that said John Mitcheson never had any title thereto, or written contract evidencing his purchase, but only a verbal contract, and that Eward Mitcheson had conveyed it to Jonathan Stephens ; and the residue of said 225 acres, not purchased by Edward Mitcheson, the said John Mitcheson refused to convey, on account of never having received payment therefor, from Cravens; of course, he, Dyer, could get no part of the 225 acres. Cravens, Dallam and Co. were made defendants, and Dallam and Co. answered, requiring proof of the allegations of the bill, as to the consideration of the note and its failure. Publication was had against Cravens. After publication was made, the death of Cravens is suggested, and a bill of revivor filed, alleging that he left an only heir, a female infant, residing in the state of Missouri; and nothing is said about the personal representative of Cravens. Publication was had against Esther Cravens, the heir, and also a guardian ad litem was appointed to defend the suit in her behalf. On the return of the order of publication, the bill was taken as confessed against her, and the contract between her ancestor and Dyer was dissolved by a decree of the court. She was decreed to restore the money, with interest, which Dyer alleged he had paid. The injunction against Dallam and Co. was perpetuated, and the amount of that note decreed against Esther Cravens, in favor of her co-defendants, Dallam and Co. only, on a prayer of their answer to that effect ; and the land sold by Cravens to Dyer was decreed to be sold by commissioners, and the price thereof decreed to be in discharge, first of the decree of Dyer against her, and the residue in discharge of the decree of Dallam and Co. To reverse this decree, Esther Cravens has prosecuted this writ of error.
Statement of the case.
It is assigned for error, that the decree is erroneous, first, because the order of publication was published only eight weeks, instead of two months; and secondly, that no guardian ad litem (although appointed) had accepted the appointment, or answered for her.
This assignment of error is correct, as to the order of publication. It has already been adjudged by this *155 court, that the two months required by law for the insertion of an order of publication, are to be construed calendar months; and as eight weeks are less than that period, an insertion for that length of time is not a compliance with the law, and will not warrant a decree.
The second point relied on, is equally fatal to this decree. It is a settled principle in equity, not to proceed against infants, without a guardian to defend them. This rule applies in cases of personal service of process, and of course it ought to apply where the service is only implied, as it is in a case of publication. Besides, the act of assembly regulating proceedings in chancery, places the complainant, who has made publication against his opponent, in the same situation as when process is returned executed. Of course, whatever is necessary in the latter case, must be so in the former ; and an acceptance of the appointment to defend, on the part of a guardian, or answer from him, was necessary in this case, previous to the rendition of the decree.
As the case must be reversed, for error at such an early stage of the proceedings, it relieves us from the decision of the merits, as to which error is also assigned, and which may be made different at a final hearing. We will barely suggest, for the purpose of saving future embarrassment in the cause, that the payment first made is not very explicitly shown, either by the bill or proof; nor is there any account of what has become of the 125 acres, about which there is no complaint—whether it is conveyed or not; or what has become of the possession of the residue, which is a necessary inquiry, in case the contract should be rescinded, in order that it may be restored and the profits accounted for. Moreover, the personal representative of N. Cravens appears to be a necessary party, if there be one, before complete justice can be done.
Decree reversed with costs, as to both Dyer and Dallam and Co. and cause to be remanded, for new proceedings, consistent with this opinion.