SOLOMON WRIGHT *vs.* THOMAS BROWNELL.

</div>

<div align="right">

BENNINGTON
*February,*
1829.

</div>

That the want of *prout patet per recordum* of the judgment, in a *scire facias* against bail, is bad on a special demurrer.

That the *scire facias* need not aver the nature of the liability of the bail, but, to aver it incorrectly is bad on demurrer.

This was a *scire facias* against the defendant as bail of one *Caleb Eldred*, at the suit of the plaintiff. It recited the history of the original suit, the defendant's becoming bail, and the final judgment in the Supreme Court, the regular issuing of the execution, and a return of *non est inventus* thereon : but omitted the averment " *as appears of record.*" The allegation of the defendant's becoming bail was in these words : " and the said *Caleb* being so arrested and in the custody of the said *Hicks*, (the officer) as aforesaid, *Thomas Brownell*, of, &c., became bail and surety for the said *Caleb*, that he should appear in the said suit of the plaintiff, so prosecuted by him as aforesaid, and respond the judgment which should therein be obtained, if any, by endorsing his name on the back of said writ, according to the form, force and effect of the statute in such case made and provided." The defendant demurred specially to the *scire facias*, and one cause assigned was the want of an averment, that said *Caleb* had avoided the plaintiff's execution ; that he had not responded the judgment, &c. Another special cause assigned was, the want of an averment, with regard to the judgment and other proceedings, *that the same appear of record.*

*Mr. Church, in support of the demurrer.*—It is contended that the plaintiff's declaration is insufficient.    1st. The writ of *scire facias* against bail is founded on a record, which shews the admitting to bail and the judgment against the debtor, or original defendant.—1 *Bac. Abr.* 117, *Tit. sci. fa.* also 103. *(A).*—Hence the record becomes a traversable fact, and the process and judgment ought to be stated and referred to in the declaration, as a record, that the court may know it to be such.—1 *Chit. Pl.* 356. —3 *Salk. Rep.* 321, *Guillam* vs. *Hardisty.*—11 *East*, 516, *Phillipson et al.* vs. *Mangles.*

2.   Therefore, the plaintiff, in his declaration, should have set

BENNINGTON February, 1829.

Wright vs. Brownell.

forth his process and judgment with a "*prout patet per recordum*," or have made a *profert* of his record ; and that is necessary not only to enable the plaintiff to prove his case,|but for the defendant to plead ; and for the inspection of the record by the Court, to enable them to render judgment thereon.    But it might be otherwise if the record was only inducement.—11 *East*, 564, *Powdick* vs. *Lyon*.—2 *Str. Rep.* 1165, *Gray* vs. *Jefferson*.

3. The plaintiff in his declaration ought to have alleged that *Caleb Eldred* avoided his execution, and that he had not responded the judgment, or paid the sums therein contained, or any part thereof ; and that the defendant had not satisfied the same ; for, on one or the other of these facts, the plaintiff's right of recovery depends ; and these facts may be answered or traversed by the defendant.    6 *Mass. Rep.* 494, *Ruggles et al.* vs. *Ives*.

It is a settled rule, that the plaintiff must declare on the facts, constituting the *gist* of his action, according to their legal effect, and not on the evidence of those facts.    1 *Chit. Pl.* 216, 236.— 1 *Con. Rep.* 404, *Bacon* vs. *Page*.

*Bennett* and *Smith, contra.*—1. The gist of this action is the non-surrendry of the principal.

2. The judgment is but matter of inducement, as in the case of an escape.    2 *Salk.* 565.

3. *Prout patet per recordum*, is not necessary, where the judgment is but inducement.    1 *Chitty*, 356.—2 *Coke*, 303.

4. This declaration is according to the *Vermont* precedents.

5. The application, in this case, is for an execution on a judgment *in the same Court*.

6. The want of a negative complained of, is supplied by the averment, *that the judgment is in full force, and in no part satisfied.*

*Mr. Isham* was heard in reply.

The opinion of the Court was delivered by

HUTCHINSON, J.    We have examined the plaintiff's *scire facias*, and the exceptions taken on the special demurrer.    One of them hardly exists in point of fact.    There is truly no specific negative of *Eldred's* having avoided the execution, &c. as the exception supposes necessary.    But there is an averment of the return of *non est inventus :* also an averment " that the said judgment yet remains in full force, and not reversed, annulled, set aside, or in any way paid, or satisfied, to the plaintiff."    These two averments fully answer that objection.

The want of a *prout patet per recordum* forms a more material objection.    The form pursued has come from high authority,

and is venerable for its antiquity ; but it falls short of the rules
of the common law in this particular.   The *scire facias*, against
bail is a judicial writ, which never issues till, in contemplation of
law, all its recitals are matter of record.   The record is as neces-
sary in support of this action, as in support of. an action
of debt upon judgment *;* or in support of an execution.   The gen-
eral issue to this action can be no other than *nul tiel record.* The
defendant is not permitted to plead any thing inconsistent with the
facts so appearing upon record.   He is not permitted to deny his
having become bail.   He is estopped by the record. When, there-
fore, the plaintiff sets forth facts to be thus operative upon the de-
fendant, he must also allege that which gives those facts such
operative force : that is, he must aver that they appear of record ;
which renders them undeniable.   The defendant may deny that
there is such a record ; but if he admits the record, he must not
deny its verity.   The *scire facias* must be predicated upon some-
thing which warrants an execution ; for it must recite that an execu-
tion issued ; and it calls upon the defendant to show cause, why
execution should not issue against him for the same debt and
costs.   For want of this averment, the declaration is defective,
and falls before the demurrer.

It may not be amiss, to mention an allegation in the form read
as an authority, that was suited to the then existing laws, but which
does not conform to our present statute.   That form avers what
the defendant became holden for by endorsing the writ.   That is,
he became surety that the principal should appear in the suit, and
respond the judgment, which should be therein obtained, if any.
I do not think it necessary to insert any averment upon this point ;
but only say, by endorsing his name, he became bail according to
the statute.   But, if the averment is made, it should be made ac-
cording to fact *;* or the Court, at some future period, will be troub-
led with a question of variance.   And our present statute uses
wholly different expressions, to describe the liabilities of the bail.
He becomes holden to satisfy the judgment, which shall finally be
rendered in the suit, in case a *non est inventus* be returned on the
execution, unless he surrenders the principal in Court upon a *scire
facias,* before judgment therein, and pay the cost of the same.
If any such averment is made, it would be well to let it correspond
in substance with these requisitions of the present statute.

Judgment that the declaration is insufficient.

Before the judgment was in fact entered, the plaintiff's counsel
moved for leave to amend, which was granted, on payment of a
sum as cost.

*Bennett, Aikin* and *Smith,* for plaintiff,

*Church, Isham* and *D. Robinson,* for defendant.