APPEAL from a decree of the Chancellor in partition in Sussex County before Gilpin, Chief Justice, and Wootten, Houston and Wales, Associate Judges. The proceeding below was on a petition in the Court of Chancery in and for Sussex County, at the suit of Mary Ann Waples for the assignment of the land devised to her, as and for her dower, in and by the last will and testament of her late husband, Gideon B. Waples, deceased, against Clara Waples who was the only child and sole devisee of the remainder of the real estate of the testator under his last will and testament, and who was, at the time of the filing of the petition, and when the subpoena was thereupon issued for her appearance and the decree for partition was entered in the court and the order for the assignment of the petitioner's portion of the lands pursuant to it was made, a minor under the age of twenty-one years and without a *Page 459 
guardian at law. Upon the return, however, of the order of assignment by the commissioners at the next term of the court, on the motion of the solicitor for the petitioner, Benjamin D. Burton was appointed guardian ad litem for her in the suit, after which a final decree of partition of the lands of the testator between the parties pursuant to the return of the commissioners was entered in the case.
Wright, for the appellant. A minor cannot be personally served with process, and is not liable to it, and cannot appear in court as a party plaintiff or defendant, except by a lawful guardian, or next friend, or guardian ad litem previously appointed by the court for that purpose in particular. And the Chancellor can only do that upon the voluntary appearance of the minor and a prayer for such an appointment, or on his being brought into court by a summons. 2Foub. Eq. 239. Coop. Eq. 209. Equity Cases 260.Rogers and Wife v. Cruger et al. 7 Johns. 557. Nor can he enter a final decree, or any other decree whatever, against an infant defendant without first appointing, where he has no legal guardian, a guardian ad litem for him. Roberts, Widow and Heirs v.Stanton, 2 Mumf. 129. Shields' Heirs v. Bryant, 3Bibb 525. Beverlies v. Miller, 6 Mamf. 99.Sarkies' Heirs v. Segan, 3 Bibb 528. But even when the Chancellor makes the appointment at the proper time, he should not appoint a guardian ad litem for an infant defendant upon the suggestion and nomination of the solicitor for the complainant.Knickerbocker v. De Freest et al. 2 Paige 304. Our statute provides expressly that if a party can not be served personally with process, and his appearance be not duly entered at the return of the summons, the Chancellor shall make such further order for service of the summons, as to him may seem proper. Rev. Code 189 sec.9. But where there is no appearance entered on the return of the summons by an infant without any guardian, it would certainly not be in accordance with either the letter or the meaning of the *Page 460 
statute, for the Chancellor to make no further order for the further service of the summons upon him, but to proceed without further motion or delay, to enter any decree whatever against him.
Smithers, for the appellee. A guardian ad litem may be appointed for an infant defendant on the application of the plaintiff.Williams v. Wrim, 10 Ves. 158. The court, however, will not appoint such a guardian on the nomination of the plaintiff or his solicitor, and such was not done in this case. The decree entered in the case before the appointment of the guardian ad litem, was but an interlocutory decree, and such as the Chancellor was bound to enter, as a matter of course, under the statute for the partition of lands devised in any case, and which no defendant, whether an infant or an adult, could resist or prevent, and which he was also bound to make at that term on the petition presented to him. In other States, the statutory provisions on the subject are unlike our own; and where they absolutely require a guardian ad litem, in such a case as this, the rulings are otherwise. Such is the law in the State of New York. In the Matter of Stratton and others, 1 Johns. 508 and In the Matter of Sharp and others, 10 Johns. 486, show such to be the statute and the rule in that State. But in general, that such a proceeding against an infant defendant without the appointment of a guardian ad litem for him, will not invalidate it, is equally well settled. 5 U. S. Dig, 353. The first decree which was entered in the case before the appointment of the guardian adlitem, was in strict conformity with the express and imperative provision of our statute, which requires that if upon the return of the summons in a proceeding for partition of lands before the Chancellor, the parties summoned shall not appear, or appearing shall not show sufficient cause against making, partition of the premises, the Chancellor shall enter upon the record of the court a decree that partition be made among the *Page 461 
parties interested, stating the share to be allotted to them respectively. Rev. Code, 288, sec. 10.
Wright replied.
announced the decision of the court. The infancy of the respondent appeared, it was true, in the very inception of the case, and although it would have been the regular and proper course in such a case, to have appointed a guardian ad litem for her prior to the entry of the decree for partition, the omission to do it amounted, it seemed in the case, to nothing more than an irregularity merely, and such a guardian was afterward appointed for her and before the final decree of partition was entered in it, and there had been no suggestion or intimation made on her behalf, either then or now, either in the court below, or in this, that she had any cause to show against the partition as prayed for, or that any actual harm had been done her in the premises, by reason of the omission to appoint the guardian adlitem on the return of the summons. It consequently does not present a sufficient ground for reversing the final disposition of the matter and decree of the Chancellor in the case. It was competent for him to make the appointment when it was made by him in the case.
The decree is therefore affirmed.