John D. Millis *vs.* M. Lamont Bagg, Administrator of F. C. Myrick, Deceased, and others, (his widow and heirs-at-law.)

The personal representative of a deceased mortgagor is not a necessary party to a foreclosure bill.

Where the Register of the Court is appointed guardian *ad litem,* on motion of the complainant, over the infant heirs of a deceased mortgagor, pending proceedings for the foreclosure of a mortgage, his acceptance of the trust should be implied from the fact of appointment; and in case of his failure to answer, the presumption is that there was no valid defence to the bill.

Where the Register of the Court is appointed, on motion of the complainant, guardian *ad litem* of infant heirs of a deceased mortgagor, in a proceeding to foreclose the mortgage; and neglects to answer the bill, and a sale is made in pursuance of a decree of foreclosure, the proceedings will not be set aside unless some wrong has been done, but the irregularity may be cured by filing the answer *nunc pro tunc.*

The reference to take proofs under Ch. rule 92, may be to any commissioner in the State; and it is not necessary that such commissioner shall reside in the county or circuit in which the Court making the order sat.

*Bay County, in Chancery.*

Petition to set aside decree and sale in a foreclosure suit.

*By the Court,* Sutherland, J.—The bill was filed in this case May 17, 1861, to foreclose a mortgage made by Myrick, deceased, in his life-time to complainant. After personal service of subpœna on all of the defendants, the infants omitted to procure the appointment of a guardian, *ad litem,* and the complinant obtained an order, *nisi,* July 12, 1861, for the appointment of the Register of the Court.— This order, after due service, was made absolute July 12th of the same year. January 7, 1862, M. Lamont Bagg resigned his trust as administrator, and was discharged by the Probate Court. September 23, 1863, an order *pro confesso,* as to all the defendants was entered, and for the usual reference to take proofs and compute the amount due, to a commissioner of Oakland County. A decree was made May 3, 1864, founded on the proofs so taken.

The Register did not expressly consent to act as guardian, and never filed any answer; nor does the record show any act done by him in that character.

On the 6th July, 1864, a sale was made for more than sufficient to satisfy the decree. A surplus of $323 87 was reported.

At the next term, James Y. Worden filed his petition to set

aside the decree and subsequent proceedings, for irregularity, showing therein that he had been appointed administrator *de bonis non,* of said Myrick, deceased, and guardian of said infant defendants, by the Probate Court of Oakland County, and stating further that "to the bill in said cause and the case made thereby, as this affiant is informed and verily believes there is a good and substantial defence on the merits to a large part if not to the whole of the claim therein named."

The following irregularities are insisted upon :

1.   The decree was taken after said Bagg ceased to be administrator.

2.   No guardian, *ad litem,* was appointed for the infant defendants, the Register not having acted or consented to act.

3.   The reference to take proofs, &c., was made by a common order to a commissioner of Oakland County.

The complainant insists that the personal representative of the deceased mortgagor was an unnecessary party, and that the petitioner has no right to make this application in behalf of the infants, in virtue of being their guardian by appointment in the Probate Court.

1.   As the bill was not framed to subject the personal estate to the payment of any deficiency, and no deficiency in fact exists, the sale having produced a surplus, the personal representative was not a necessary party. *Abbott vs. Godfroy's heirs,* 1 *Mich.,* 178.   And the decree as taken does not purport to affect him, and as executor it can not.   The suit was not defective for want of proper parties, as the heirs-at-law of the mortgagor were before the Court.   Hence if the decree against the administrator were set aside a re-hearing would not for that reason alone be ordered.

2.   The Court would consider the petition in behalf of the infants if they have no *guardian ad litem,* and if they had, it would, if misconduct were alleged against him, for otherwise the infants might be remediless.

If the formal consent of the Register of the Court to act as guardian, in the absence of any subsequent act implying acceptance was requisite to make the appointment complete and to attach to him the responsibilities that appertain to the office of guardian, he was not appointed, and the second objection must be held well taken, for it is

well settled that no decree can be taken against an infant defendant, unless a guardian has been assigned him. *Jones vs. Crist,* 3 *A. R. Marsh.,* 143 ; *Shields' heirs vs. Bryaat,* 3 *Bibb,* 525 ; *Roberts vs. Stanton,* 2 *Murf.,* 129 ; *St. Clair vs. Smith,* 3 *Ham.,* 363 ; *Daniels vs. Hannegan,* 5 *J. J. Marsh,* 49 ; *Cravens vs. Dyer,* 1 *Litt.,* 153.

Whether the appointment is made on the petition of the infant or that of the complainant, the duty and responsibility of the guaran are the same. When procured in the former mode the statute expressly requires the consent. Sec. 4829 *Comp. L.* ; See precedents, 2 *Barb., Ch. Pr.; Hoff. App. No.* 66.

When the appointment is made, however, on the application of the complainant, the statute is silent, and the precedents in New York, where the statute was similar, do not show consent, and it is said to be unnecessary when an officer of Court is appointed, which is usually the case, because it is made his duty to act by the rules of Court. 1 *Van Santo Ch. Pr.,* 154 ; 1 *Barb. Ch. Pr.,* 85 ; *Chan. Rule* 143 ; *Sup. Co. Rule* 61.

We have no such rule, but the authority of the Court over its officers is as full in an individual case to require the performance of such a trust as to make a general rule applicable to all cases. See Sec. 3475, *Comp. L.* This power is not abridged by the statute authorizing the Supreme Court to make rules governing the practice, except on subjects covered by rules so made. Hence the acceptance of such a trust should be implied from the fact of appointment.— The performance of it is exacted as a duty, and there is no option to decline.

After the appointment it was the duty of the guardian to examine into the circumstances of the case so far as to enable him to make the proper defence when necessary for the protection of the rights of the infant. 1 *Barb. Ch. Pr.,* 85. And he is liable for damages resulting from his neglect to do so. 2 *Paige,* 304. If it appear on such examination that there is a clear case against the infant, he may decline to bring proceedings in the cause. *Levy vs. Levy,* 3 *Mad.,* 131, 245. In the absence of any showing to the contrary, it should be presumed that the guardian refrains for sufficient reasons.

It is usual even where there is no defence to file a general answer for the infants, submitting his right to the judgment of the Court.

But since the filing of such an answer where there is no defence dis. penses with no proof to establish the facts stated in the bill, ( *Wright vs. Miller,* 1 *Sandf. Ch., R.,* 103, 118 ; *Baker vs. Woods Id.,* 129, 134 ;) it is merely formal and though it may be irregular for the complainant to proceed without, (3 *Edew,* 414,) yet unless some wrong is done, the Court will not vacate the proceedings after a decree and sale, (See *Kellogg vs. Putnam,* 11 *Mich.,* 344,) but will permit the answer to be filed *nunc pro tunc. Scott vs. Clarkson,* 1 *Bibb,* 277.

There is no proper showing of merits. *Walk. Ch, R.,* 385.—There is no reason given why the guardian *ad litem* did not prepare an answer showing the defence if any there is, and present the petition accompanied with that answer. It can not be presumed that he declined or disclaimed the office.

3. The reference to the commissioner of Oakland County is not irregular.

Commissioners act as Masters in Chancery in executing such an order. That office, in this State, was local only as to the territorial limits within which the Master was required to act. *R. S.* 1846, p. 426, Sec. 55.

The new Constitution having abolished the office, the Legislature in 1851 enacted that the several Circuit Court Commissioners within their respective counties, should be competent to discharge all such duties as had heretofore been performed by Masters in Chancery in this State, according to the practice in chancery proceedings, and all such other powers as should be conferred upon them by the several Circuit Courts within the jurisdiction, and under the orders of which they might act. 2 *Comp. L.,* Sec. 3981.

Rule 92 provides for entering an order of course, referring it to a commissioner to take proofs and compute the amount due preparatory to hearing the cause. Unless, therefore, there is a limitation of jurisdiction implied from the history of the office, or the foregoing statutory provisions, so that no commissioner can be named in or execute such an order, except when made by the Court sitting in his own county or as substitute, this rule is sufficiently general in its terms to allow any commissioner in the State to act.

In England, whence we derive the office, it existed as early as we have any memorial of the Court. The twelve Masters, including

the Master of the Rolls, were assistants of the Lord Chancellor, and no more confined in respect to territory than the Court itself. See *Intro. to Mas. in Chan.*, by *Hoff.*, p. 18, 1 *Smith. Ch, Pr.*, 9, 16.

In New York, while the chancery system was in vogue, Masters were appointed, and required to reside in the county for which they were appointed. 1 *N. Y. R. S.*, 101, Sec. 9 ; 1 *Hoff. Ch. Pr.*, 21, The statute defining their powers was like ours, except that it did not contain the clause "within their respective counties," which is immaterial to our present inquiry. Rule 99, of the N. Y. Chancery, directed that an order when entered of course should be executed by a Master *residing* in the same county with the solicitor who obtained the order, unless another should be agreed upon.

If the reference was by a special order or decree, it might be made to any particular Master by name, or to any Master in a particular county or place, in the discretion of the Court, thus recognizing no restriction to the county or Circuit where the Court sat.

Petition denied.