Howe Sewing Machine Company *vs.* Mel Zachary and another.

## October Term, 1875.

Set-off in equity—Insolvency—Assignee of judgment with notice of equity.—The vendor of a chattel who, upon the theory that there was no valid sale, sues the vendee in replevin therefor, and loses the suit, so that a judgment is recovered against him for the value of the article, may afterwards file his bill in this court, and, on the ground of the insolvency of the vendee, set off his demand for the price of the chattel against the judgment in the hands of an assignee with notice of the equity.

*D. F. Wilkin,* for complainant.
*M. M. Brien,* for defendants.

The Chancellor:—The complainant having brought replevin against the defendant Zachary for a sewing machine, upon the supposition that the sale of the machine under which the defendant claimed was not complete, failed in the suit. It then filed this bill, upon an allegation of the insolvency of Zachary, and that he was now in the penitentiary under sentence as a felon, to have the debt against him for the price of the machine set off against the judgment. The judgment was assigned by Zachary to his co-defendant, who took with full knowledge of the complainant's equity.

The jurisdiction of this court over the subject of set-off existed and was exercised before any statute on the subject. *Hawkins* v. *Freeman,* 2 Eq. Cas. Abr. 10; *Chapman* v. *Derby,* 2 Verm. 117. And has been often applied in cases not within the statutes. *Williams* v. *Davies,* 2 Sim. 461; *Ex parte Prescott,* 1 Atk. 331; *Lord Lanesborough* v. *Jones,* 1 P. W. 326; *Green* v. *Darling,* 5 Mas. 207. The doctrine of the court was borrowed from the compensation of the civil law, though not to its full extent. For, by the civil law, a cross-debt was, by mere operation of law, and independent of any act of the parties, extinguished. Dig. 2, 2 and 21; *Duncan* v. *Lyon,* 3 Johns. Ch. 359; *Whittaker* v. *Rush,* Amb. 407. The limitations on the

application of the principles of the civil law have varied with the character of mind of the judges, of which we have an instance in the decision of the Vice-Chancellor, in *Williams* v. *Davies*, 2 Sim. 461, and the doubting comments of Lord Cottenham upon that decision, in *Rawson* v. *Samuel*, 1 Cr. & Ph. 172. See, also, *White* v. *O'Brien*, 2 Sim. & St. 551, and *Clark* v. *Cort*, 1 Cr. & Ph. 155.

It is in *Rawson* v. *Samuel* that a doubt is intimated whether insolvency alone is a ground for coming into equity. But that doubt has been resolved by the American courts in favor of the jurisdiction. *Lindsay* v. *Jackson*, 2 Paige, 581; *Gay* v. *Gay*, 10 Paige, 169; *Brewer* v. *Norcross*, 2 C. E. Green, 219; *Searchet* v. *Searchet*, 2 Ham. 320; *Collins* v. *Farquar*, 1 Lit. 153; *Edminson* v. *Baxter*, 4 Hayw. 112; *Brazelton* v. *Brooks*, 2 Head. 194; *Hough* v. *Chaffin*, 4 Sneed, 238. And see *Smith* v. *Ross*, 3 Humph. 220, and *Catron* v. *Cross*, 3 Heisk. 584, where our courts have recognized the rule, while refusing to apply it in the particular cases. They have shown an inclination to recognize the jurisdiction of equity to its fullest extent. *Parker* v. *Britt*, 4 Heisk. 243; *Wright* v. *Ray*, 3 Humph. 69; *Gregory* v. *Hasbrook*, 1 Tenn. Ch. 218.

The complainant's demand is for the price of the sewing machine, the title to which was found to be in the defendant Zachary, by the jury, in the replevin suit. This demand could not, of course, have been set off in that suit; for the action was based upon the idea that the title was in the company. The demand grows out of the transaction which gave rise to the suit at law. The right of set-off in equity, to use the language of the master of the rolls, in *Jeffs* v. *Wood*, 2 P. W. 128, "is still more reasonable where the matter of the mutual demand is concerning the same thing." Nor does it seem to make any difference that the judgment is in contract and the right of the complainant in *tort*, or *vice versa*. *Edminson* v. *Baxter*, 4 Hayw. 112; *Hough* v. *Chaffin*, 4 Sneed, 238. The jurisdiction of the court rests upon the natural equity that the one demand

should be set off against the other whenever the insolvency of one of the parties renders any other mode of redress impossible. And the jurisdiction will be exercised against an assignee who acquires title after the right of set-off accrued, especially where, as in this case, the assignee takes with full knowledge of the facts. *Barber* v. *Spencer*, 11 Paige, 517; *Smith* v. *Felton*, 43 N. Y. 419; *Ranking* v. *Barnard*, 5 Madd. 32.

Upon this ground the equity of the complainant to relief is clear.