GEORGE PHILLIPS, APPELLANT, v. CHARLES E. DUSEN-
BERRY AND JESSE B. ANTHONY, IMPLEADED, ETC.,
RESPONDENTS.*

*Infant — judgment against — effect of — Guardian ad litem — neglect of, to plead
infancy.*

A judgment rendered against an infant who is duly summoned and has a guardian
*ad litem* appointed, who accepts the trust, will bind and conclude him as if he
were an adult.

The practice of giving minors six months after coming of age to show cause
against decrees rendered against them during their minority, applied only to
actions in equity, and not to actions at law for the recovery of money due on
contract, and this rule is now abrogated by statute, providing for the appoint-
ment of guardians *ad litem*.

APPEAL from a judgment in favor of the defendant entered upon
a trial before the court at Special Term. The plaintiff, one of the
firm of E. & G. Phillips, was, previous to July 30, 1874, sued by
the defendants before a justice of the peace of Montgomery county.
The summons was personally served, and upon his failure to appear,
a guardian *ad litem* was appointed for him and judgment was after-
ward entered against him. No appeal was taken from the judgment.
This action was brought in equity to set it aside on the ground of the
infancy of the plaintiff at the time of the rendering of the judgment
against him. The guardian *ad litem* knew that the plaintiff was an
infant, but did not interpose that defense. The case was affirmed
at the General Term, upon the following opinion of BOCKES, J.,
delivered at the Special Term.

BOCKES, J.:

The judgment rendered by the justice of the peace against the
plaintiff (then a minor) and his partner, Ervin Phillips, was neither
void nor erroneous. The action was on contract. The amount
claimed was within the jurisdiction of the court. The summons
was duly and personally served on both defendants, and a guardian
*ad litem* was appointed for the minor (the present plaintiff), and he
accepted the trust. Thus it appears that the justice had jurisdic-
tion of the person and subject-matter of the action, and all the

* Decided May term, 1876.

proceedings required by law were observed. Nor is the judgment attacked for fraud. It is not alleged that the judgment was fraudulently obtained.

The right to have the judgment stayed or discharged as to the plaintiff, is put on the sole ground of his infancy at the time the debt was contracted, and when the judgment was rendered against him, with the additional facts, perhaps, that the debt was not for necessaries ; that he remained a minor after judgment was rendered until the time to appeal had elapsed, and that the judgment was rendered in Justice's Court, wherein he was remediless by any proceeding which could be there taken.

The plaintiff was summoned to answer before the justice where he could have interposed the defense of infancy. This *he* and his guardian *ad litem* omitted to do, and judgment went against him. Is he concluded by such judgment? It is undeniable that the defense of infancy is personal to the infant. He may or may not insist upon it to defeat his contracts. A party cannot plead the infancy of his co-defendant.

With these preliminary remarks it is proposed to examine a few of the many cases bearing more or less directly upon the subject under examination. The defense of infancy, like other matters of defense, should be put forward on the first opportunity.

In *Graham* v. *Pinckney* (7 Robt., 147), the defendant, who had appeared by guardian, was in default in interposing an answer. The court refused to let him in on the defense of infancy, and denied a motion to set aside the judgment entered against him by default for want of an answer. I do not approve of this decision, as I think the motion, having been in the action against the infant and the default excused, should have been granted on terms covering the expense of the default and motion. But the case is cited to show that the defense of infancy should be interposed on the first opportunity.

In *Blake* v. *Douglass* (27 Ind., 416), it was held that infancy, being a personal privilege, might be waived, and that if not pleaded, a judgment against an infant would be binding upon him. The action was brought to enforce a judgment. The defendant set up, by way of defense, that at the time of the rendition of the judgment, he was a minor and did not appear in the action, either

in person or by attorney, and that the judgment was taken against him by default. The court overruled this alleged defense, holding that the facts averred only showed error in the original judgment, which should have been corrected in that suit. In the opinion of the court, it is stated "that the infancy of the appellant might have been a good defense, if he had appeared and set it up in the original suit; that it was a personal privilege, and having failed to avail himself of it at the proper time, by suffering judgment to be taken against him by default, the judgment is binding on him.

The action in *Wrisleys* v. *Kenyon* (28 Vermont, 5) was *audita querela* to set aside a judgment rendered before a justice of the peace. The ground of proceeding was that the party was a minor, and that no guardian *ad litem* was appointed for him before the justice. It turned out on the trial, that the minor was sued before the justice jointly with his father in an action of trespass; that his father, his natural guardian, appeared and took upon himself the defense of the suit, for the infant as well as for himself. The judgment was held to be conclusive upon the infant.

In this case, the action before the justice was trespass, and infancy was therefore no defense; but the case is an authority on the question of the conclusiveness of a judgment against an infant who is summoned and defends by guardian.

To the same effect is the decision in *Robinson* v. *Swift* (3 Vermont, 283). Mr. Wait, in his Law and Practice (vol. 2, p. 279), says in effect, that a judgment against an infant, who appears and defends by guardian, will be deemed as effectual as if rendered against an adult.

In the case of an infant his proper defense devolves upon his guardian *ad litem*, who, by accepting the trust, becomes obligated to its due performance.

So it was held in *Knickerbacker* v. *De Freest* (2 Paige, 304), "that if a guardian neglect his duty in consequence of which the rights of the infant are not properly attended to, or are sacrificed, he may be punished for his neglect, and he will also, in such case, be liable to the infant for all damages he may sustain." These authorities seem to settle the point, that a judgment rendered against an infant who is duly summoned and has a guardian *ad litem*

appointed, who accepts the trust, will bind and conclude him the same as if he were an adult. The practice which gave minors six months after coming of age within which to show cause against decrees rendered against them during their minority, had application to actions in equity (Tyler on Inf. and Cov., § 148, and cases there cited) ; never, as I am aware, to actions at law for the recovery of money on contract. And there existed at one time the right of the parol to demur, the effect of which was to stay proceedings in the action against the infant until he should arrive of full age. The form of this plea is given in *Plasket* v. *Beeby* (4 East, 485). This subject, the right of the parol to demur and the giving a day to the infant after he shall arrive of age to show cause, is considered in *Harris* v. *Youman* (1 Hoff. Ch., 178). But it is sufficient here to say that neither of these proceedings has any application to the case in hand, as will be seen on reference to section 148, Tyler on Infancy, above cited, with the authorities there alluded to. The statute providing for the appointment of guardians *ad litem* for infant defendants seems to have superseded, to a very great extent, if not entirely, such practice. (*Fenier* v. *Wyse*, 3 Bland's Ch. [Maryland], p. 51.) Nor am I aware of any case in this State where a judgment for the recovery of money due on contract has been set aside, or stayed by a new suit, after the infant defendant had arrived of full age, on the ground that it was rendered against him while yet a minor. Relief will be granted to infants and adults alike for fraud in the obtaining of judgments. (*State of Michigan* v. *Phœnix Bank*, 33 N. Y., 9, 25 *et seq.* and cases there cited.) But as Judge GROVER remarks, in *New York and Harlem Railroad Company* v. *Haws* (56 N. Y., 175–181) : "Equity does not interfere to restrain the collection of a judgment upon the ground that it was erroneously rendered, but only upon the ground that enforcing it would be contrary to equity and good conscience, as shown by facts of which the party could not avail himself as a defense, or where he was prevented from so doing, without any fault of his own, by the fraud of the other party." (*Truly* v. *Wanzer*, 5 How. [U. S.], 141.) A judgment cannot be impeached for error by collateral action. On this point the authorities are numerous and uniform.

I am cited to several cases holding that an infant is not bound by the answer or the admissions of his guardian. The following

are a few of them : *Wright* v. *Miller* (1 Sandf. Ch., 103) ; *Stephens* v. *Van Buren* (1 Paige, 479) ; *James* v. *James* (4 id., 115) ; *Howell* v. *Mills* (53 N. Y., 322). The points decided in these cases and in others where similar language is employed, is, that the court will not make a decree against an infant on the answer or admission of his guardian *ad litem ;* but will require all the material facts necessary thereto, to be proved. As was said in one of the cases cited, where there are infant defendants, and it is necessary, in order to entitle the complainant to the relief he prays, that certain facts should be before the court — such facts, although they might be the subject of admissions on the part of the adults, must be proved against infants. It would be improper, perhaps erroneous, to receive admissions of such facts from the guardian *ad litem* against his ward.

But these cases do not hold, nor am I aware of any which do hold, that in case the court should improperly and erroneously act upon the answer or admission of the guardian, without other proof of the facts, the judgment based thereon could be impugned for such cause by the infant in a new suit brought by him for that purpose. The judgment in such case would be conclusive on all the parties to it, until reversed on writ of error or appeal. In case the judgment should be assailed for fraud, and it should be alleged that it was fraudulently obtained through connivance and complicity of the guardian who should reap advantage therefrom, then the fact that he procured the judgment or decree on his own admission, without other proof of the material facts, would have significance as bearing on his alleged fraudulent conduct. But, as has been above observed, this action is not brought to vacate and set aside the judgment rendered by the justice, on the ground that it was fraudulently obtained. The cases cited to the effect that the answer and admissions of a guardian *ad litem* will not be held binding on the infant by the court, as a basis of a judgment or decree, have no application to the case in hand.

The question in this case rests on the sole ground that the plaintiff in this suit was an infant when the judgment was rendered against him and his co-defendant in the Justice's Court, and that his guardian *ad litem* neglected to interpose for him the defense of infancy.

As above stated, fraud in the obtaining of the judgment is not alleged; hence all consideration bearing on such a case may be laid aside or passed over. Nor is it a case for a bill of review (2 Barb. Ch. Prac., 90, 91); nor can the action be sustained in the nature of an *audita querela*. This common-law proceeding may now be resorted to where something has occurred since the rendition of the judgment, making its enforcement unjust or inequitable, or when some fact exists which could not have been pleaded in the former suit. (*Mallory* v. *Norton*, 21 Barb., 424-435; 3 Blacks. Com., 405.) This case is not brought upon either of these grounds. There is no pretense that any thing has occurred since the rendition of the judgment by the justice making its enforcement inequitable, nor that any fact now exists which could not have been pleaded before him. The defense of infancy could have been interposed in the former suit, and, that was the proper place to set it up. I am referred to a remark of the chancellor in *Mason* v. *Denison* (15 Wend., 64, 68), to the effect that an infant may have relief by *audita querela* against a judgment rendered against him on setting up his infancy. The remark is as follows: " He may also obtain relief, so far as his interest in the property is concerned, by the common-law writ of *audita querela*."

The observation was made as to an infant defendant who had not been summoned, but against whom a recovery had been had as a joint debtor, his co defendant having been served with process. On this judgment the joint property of the defendants was liable to seizure and sale, and the question under consideration by the chancellor was, how the infant in such case could avail himself of his infancy to protect his individual interest in the joint property. It will be observed that the infant was not summoned; consequently had not been called upon in court to answer. On studying the case, it will be seen that the chancellor put the right to an *audita querela* on such fact. Not having been brought in as a defendant in the former suit, he had had no opportunity to plead his infancy; hence a fact constituting a defense, his infancy, could not have been pleaded in that suit, and consequently, as the chancellor remarked, he could have relief on *audita querela*. Not having been summoned, he had had no opportunity to plead his infancy, and it was not competent for his co-defendant to set it up. (*Van Bramer*

v. *Cooper*, 2 Johns., 279 ; *Hartness* v. *Thompson*, 5 id., 160 ; *Slocum* v. *Hooker*, 13 Barb., 536.) It may be well, perhaps, to follow the chancellor a little in his reasoning, as it will be seen at once that he put stress on the fact that the infant had not been summoned ; and he concluded (doubtless correctly), that in such case the infant might have an *audita querela* to obtain relief against a judgment rendered against him ; to adopt his own language, " upon the ground that he had no day in the court of law, and would not be admitted to make his defense there." In citing a case where relief had been obtained on *audita querela*, the chancellor said, that he presumed the judgment against the infant as to which relief was sought, must have been rendered against him " without actual notice and appearance by guardian "—justly and fairly implying that if the infant had been served with process and had appeared by guardian, he would be deemed to have had his day in the court of law, and therefore could not thereafter be heard on *audita querela*.

Now, in the case at bar, the infant was summoned, and appeared in the court of law by guardian. He was called upon according to the forms of law to answer, and put forward his defense to the plaintiff's claim. The evident purpose of the statute requiring the appointment of guardians *ad litem* for infant defendants, was to put them to their defense immediately, whatever the defense might be, and to conclude them when represented by guardian in regard to their defenses. What is gained by the action if the judgment rendered therein may be impeached by the infant at will by a new suit for that purpose ? The object of appointing a guardian *ad litem* for an infant, is to place him on equal footing with adults as regards any matters of defense which he may have. It is the duty of the guardian to interpose for him all his defenses, and having accepted the trust, he becomes liable for all damages occasioned by his neglect. It was said by the chancellor, in *Knickerbacker* v. *De Freest* (2 Paige, 304), above cited, that it was his duty in every case to ascertain from the infant and his friends, or from other proper sources of information, what are the legal and equitable rights of his ward ; and that if a special answer be necessary or advisable for the purpose of bringing the rights of the infant properly before the court, it is his duty to put in such an answer. What need of

all this care and attention if the judgment to be rendered in the action is to have force and effect only at the option of the infant, thereafter to be exercised by him? The law requiring the appointment of guardians *ad litem* for infant defendants was intended, in my judgment, to place them before the court, in the same situation as to their defenses as if they were adults; and it follows that they must put forward their defenses, being called upon, and having the opportunity to do so; and that the judgment regularly rendered against them concludes them the same as it would persons of full age. If I am right in this conclusion, the complaint in this case must be dismissed.

The two other cases (*Phillips* v. *Hier et al.* and *Phillips* v. *Hicks et al.*), submitted at the same time with this one, above considered, resting on the same state of facts, substantially, must have the same direction.

*J. E. Dewey*, for the appellant.

*Henry A. Merritt*, for the respondents.

Present — LEARNED, P. J., and BOARDMAN, J. BOCKES, J., not acting.

Judgment affirmed with costs.