Daniels, J.
This action has been brought to obtain the construction of provisions and directions contained in the last will and codicils of Francis W. Tracy ■deceased. He died on the 15th of April, 1886, leaving ¡him surviving the defendant Agnes Ethel -Tracy, his. widow, whom he nominated as an executrix of the will ■and codicils, and a daughter, who is the defendant Harriet F. Tracy, and his only heir and next of kin. After bequeathing certain legacies in no way now in ■controversy, he devised and bequeathed the bulk of his testate to his widow. His daughter is the child of a *186 first and preceding marriage who was permanently separated from him from her early childhood. The relations between himself and her mother became unfriendly and afterwards embittered and intensified, and continued in that condition during the residue of his life. This daughter being in the custody of her mother was in a measure a participant in her feelings towards her father from whom her mother had been divorced, and that seems in a great degree to have estranged the-affections of her father from her. And actuated by that, influence he discriminated very greatly against her in-the final disposition of his estate, but excused himself" for doing so by the statement that her mother possessed^ an ample fortune.
The directions first given for the benefit of his; daughter are contained in the third paragraph of the-will, but these were afterwards and finally superseded-' by the second paragraph of the second Codicil added to-' the will. This part of the Codicil is in these words - “ After providing for the bequest hereinbefore mentioned in favor of Warren Bryant, and the devise and. bequest in favor of my said wife, in the first article, and the bequest in favor of my wife, in the second article-of my' said last will and testament, I give and* bequeath to my executrix and executors the sum of one hundred thousand dollars, in trust, nevertheless, to* invest the same in such first class securities as they shall deem proper, and to reinvest the same, or any" portion thereof so often as may be necessary or proper,, to collect and receive the interest, income and profits-thereof, and apply the same or so much thereof as in the judgment of my executrix and executors shall be. necessary or proper, but not exceeding three thousand dollars in any one year, to the use, maintenance, education and support of my daughter Harriet F. Tracy,., until she shall arrive at the age of twenty-one years. When my said daughter shall attain the age of: *187 twenty-one years I direct that all accumulations of the said interest, income and profits be paid to my said daughter, and thereafter 1 direct that the entire interest, income and profits of the said principal sum of one hundred thousand dollars be applied by my executrix and executors to the use of my said daughter, in semiannual payments, so long as she shall live. And upon the decease of my said daughter I direct my said executrix and executors to pay the said principal sum then remaining in their hands by virtue of this provision, and any accumulations thereof to the issue of my said daughter, if there be such issue then living ; but if there be no such issue of my said daughter living-at the time of her decease, then I direct that the said principal sum and all accumulations thereof be deemed and treated as a portion of my residuary estate, and be distributed and held bequeathed as such under the seventh and succeeding articles of my said last will and testament.
In the execution of the trust in favor of my said daughter hereby created, I direct that my executrix: and executors, at the end of each year from the date of my decease until my said daughter attain the age of twenty-one years, add to the principal fund all the interest, income and profits derived from the said principal sum and not applied to the use of my daughter during the preceding year, and invest and hold such additions, and all thereof, by way of accumulation, until my daughter shall attain the age of twenty-one years, when all such accumulations and additions shall be paid and distributed to her as hereinbefore directed.” And that was again and further confirmed by the first paragraph of the third codicil, which, however, made no change in these preceding directions. And no controversy has arisen concerning the significance or effect of these directions.
But by the fifth paragraph of the second codicil the- *188 testator made the further addition which forms the foundation of this action. And it is upon the construction which under the evidence should be given to that paragraph that the disposition of this action is dependent. By this paragraph the testator directed, “ Fifth, In case any beneficiary named in my said last Will and Testament, whether a devisee, legatee, or cestui que .trust therein named shall, in person or by another, contest the probate of my said last will and testament, ■or any codicil thereto, or shall institute any proceedings of any kind with a view to avoid or annul my said last will and testament, or any codicil thereto, or any provision in my said last will and testament, or in any :such codicil contained, then and in either case I do hereby revoke all provisions in my said last will and testament or in any codicil thereto contained in favor of the person or corporation contesting or seeking to .avoid such last will and testament, or codicil, or provision,- and if such contestant shall be my daughter, then. I. give, devise and bequeath to my wife all the property which in and. by such last will and testament and the ■codicils thereto, is or shall be given to my executors in trust for my said daughter’s benefit. If my wife shall be such contestant, then I give, devise and bequeath to my executrix and executors all the property which is by my said- last will and testament or any codicil thereto, given to my wife in trust for my daughter, and upon the same trusts in every particular as are specified in the second article of this codicil.” And these directions under ordinary circumstances may very well be assumed to be legally entitled to support, but those circumstances are not present in this case.
This will, together with the codicils, were presented for probate to the surrogate of Erie county, in which the testator resided at the time of his decease. This daughter was then an infant under but nearly of the age of nineteen years. And she was made a party to these *189 proceedings for probate by the service of the citation upon her in the manner provided by the statute. And. upon the fact of her infancy being brought to the-attention of the surrogate, he selected and appointed ex-Judge Humphrey, a prominent and capable member of the bar of the county, her guardian. The selection, was his own and not that of this legatee. And he-thereupon took issue as it was his duty to do with the; statements made in the petition for the probate of the will and codicils and thereby the testamentary capacity of the testator was brought into controversy. Upon the hearing whi'ch afterwards took place under this-issue, witnesses were produced and examined on the part of the proponent of the will and codicils, and then also in support of this issue by the guardian on the part of this legatee. And the disposition of the estate by the will and codicils was in this manner contested, and the fact was found to be so in the decree made by the surrogate which sustained the will and each of the codicils and admitted them to probate. And whether this contest has forfeited the title of the daughter to the benefits which were to arise from this legacy in trust is the point upon the decision of which the disposition of this action must be made. The guardian did1 appeal from the decree to the general term of this-court where it was affirmed. But these proceedings-were all consummated during the daughter’s minority. And they are no otherwise important to be considered beyond the effect they had in rejecting the offer made by Mrs. Tracy to dispense with the effect of the contest before the surrogate if the will and codicils should be no further contested or resisted. If the legatee did not forfeit her rights under the will by the contest made before the surrogate, it follows that she did not by this appeal of her guardian.
After his appointment he consulted with her immediate relatives, and probably to a slight extent *190 with her, to ascertain their wishes and expectations, but his conduct in the case was not controlled by them. He was competent to and did understand his •duties and obligations, resulting as they did from his ■appointment. And in their absence and the exercise of that good faith appertaining to his office which has been neither questioned nor impeached, he decided that a contest should be made and he employed counsel to aid him in making it. This was not done, as it ■often may be, stimulated by the expectation of enforced pecuniary concessions, but upon an examination of the •case and in the exercise of sound judgment informed by the probabilities favoring the conclusion and action of the guardian.
It is true that his ward was on several occasions present on the hearing before the surrogate and was a witness who gave evidence during its progress. But neither her presence there nor her testimony appears to have influenced,or affected the conduct of the guardian farther than that may have confirmed his determination to perform his whole duty. There is no reason for believing that any other motive operated upon his mind or induced his actions. And in the performance of it he was subject to the dictation of no one. He was selected for his competency, experience and judgment, and he was responsible alone to the law for the performance of the obligations which it imposed upon him. He ■had no choice, when he believed that the testamentary capacity of the testator did not exist, but it then became his duty to contest the will. If that duty had been qualified by grave doubts he might have applied for explicit directions, and probably would have obtained them from the court. But in the absence of such doubts he was left as the law placed him, to act upon his "own unbiased judgment, and he did so act. But this action was his own and conformed strictly to his position and obligations as they have been created and *191 defined by the law (Moore v. Moore, 4 Sand. Ch. 37, ,44 ; Knickerbockers. Defrest, 2 Paige 304). In this last ■case the subject was considered quite at large, and by way of conclusion it was held that “ If the infant has any substantial rights which may be injuriously affected by the proceeding in the cause, or if the claim against him is of a doubtful character, it is also the duty of .guardian to attend before the court on the hearing, on the taking of testimony in the cause, on references to the master, and on all other proper occasions to bring .forward and protect the right of his ward. And if the .guardian neglects his duty in consequence of which the rights of the ward are not properly attended to, or are -sacrificed, he may be punished for his neglect. He will -also in such case be liable to the infant for all damages he may sustain. Although it is the duty of the court "to protect the rights of infants when they are properly before it so that they may be seen and fully understood, yet it is the duty of the guardian ad litem to bring those rights directly under the consideration of the court for "its decision thereon.’’ Id. 305-6.
And neither of the authorities depended upon by the plaintiff’s counsel questions or qualifies this statement of law. Sinclair v. Sinclair, 13 Mees & W. 640 ; Morgan v. Thorn, 7 Id. 398; Matter of Chittenden, 1 Tucker 251. When the contest was undertaken and throughout the proceeding to establish it, the action therefore in judgment of law as it was in fact, was that of the guardian -and not that of the ward. She was of course-bound by the decree which was finally entered. But that did not result from her own action, but from the effect .given by the law to the action of her guardian. A very different question arises when the effect of his .-action upon the will and codicils is to be considered. 'The law has not there interposed as it has in declaring the final effect of the appointment. By its own mandate the guardian was required to act. If he failed to *192 do so he was in danger of becoming liable to his ward because of such failure, and had to choose between two' alternatives, and for choosing as he did the ward having no choice herself but being legally incapable of choice by reason of her infancy, and having no control over that made by him, cannot consistently be held responsible in the loss of her estate for the election he made to contest the will. And it is not the effect of the language employed by the testator to entail that responsibility upon her.
To create a forfeiture the law requires a reasonably strict construction to be placed upon the language providing for it. Forfeitures are not favored and to determine whether it has been produced in this instance it. cannot be important to inquire whether the condition created is precedent or subsequent. On either view it has by the will been made to depend upon the legatee either in person or by another contesting the probate of the will or any codicil thereto, etc. The testator by this language must be held to have intended no less, than the voluntary action alone of the legatee herself either by her own act or that of another influenced or directed by herself in making the contest. That is the import of the words employed. They require more-than mere permission and contemplate affirmative conduct on the part of the legatee or of another acting under her authority. The contest could not be a contest by her without an act of her own promoting it.. Neither could she act by another without authorizing- or empowering that act herself. Neither was done.. She made no contest, nor authorized or directed any as a matter of fact. But the contest was that of another acting under no authority delegated by her, but under the authority and direction of the law. And that by no fair inference can be assumed to have been within the intention of the testator as a cause of forfeiture. If he had entertained that intention then It is to be pre *193 sumed he would have added such words as would have disclosed it instead of restricting the forfeiture as he has to the act of the party herself or some person, empowered by her to represent her.
It is not necessary to consider whether a forfeiture-declared to follow the action of the guardian would, have been legal, or whether it would not so far conflict with his duties as the law has defined them, as to be: inoperative. The controversy may be well disposed! of on the construction of the words of the testator, for neither by herself nor by another did she contest the will. And judgment to that effect will be directed and requiring the executors and executrix of the estate to provide the property or funds required to create this trust to be devoted to that object and the income which has already accrued to be paid over to her and for costs to be paid out of the estate to each of the parties to this action.
The decision and decree will be settled only after notice and service of a copy on the plaintiffs’ attorneys.